UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VERNON BONNER, | ) |
| *Plaintiff* | ) ) ) |
| v. | ) CAUSE NO. 2:14-CV-318 RLM-PRC |
| JAMAL WASHINGTON, *et al.*, | ) ) ) |
| *Defendants* | ) |

OPINION AND ORDER

*Pro se* plaintiff Vernon Bonner brought suit against the Illinois Central School Bus LLC, ("ICSB"), Jamal Washington, and General Information Services alleging violations of the Fair Credit Reporting Act and the Federal Trade Commission Act. The defendants' motions to dismiss and Mr. Bonner's motion for summary judgment pend before the court. For the following reason General Information Services motion to dismiss is GRANTED in part and DENIED in part, Illinois Central School Bus's and Mr. Washington's motion to dismiss is GRANTED, and plaintiff's motion for summary judgment is DENIED.

I. BACKGROUND

Vernon Bonner, a former bus driver for ICSB, was terminated after a criminal background check showed that he hadn't disclosed prior felony convictions on his employment application. Jamal Washington, a manager at ICSB, signed the notice of termination. General Information Services is the consumer reporting agency that provided the background check to ICSB.

Mr. Bonner sued Mr. Washington, ICSB, and General Information Services, alleging that Mr. Washington and ICSB asked him improper questions about his background under the Fair Credit Reporting Act; failed to provide him with copies of the certifications that Mr. Washington sent to General Information Services for the background check and a copy of the User Notice, and used information gained in violation of the Fair Credit Reporting Act to terminate his employment; and that General Information Services violated the Fair Credit Reporting Act by furnishing consumer reports to ICSB. Mr. Bonner alleges that all of these acts constitute unfair or deceptive acts or practices in violation of Section 5(a) of the Federal Trade Commission Act.

II. DISCUSSION

A. *Standing*

General Information Services moved to dismiss the claims against it under Fed. R. Civ. P. 12(b)(1), contending that Mr. Bonner doesn't allege any injury suffered from his claims, so he lacks standing for federal jurisdiction under Article III of the United States Constitution. The party seeking to invoke federal jurisdiction bears the burden of establishing the court has standing to hear the case. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992); Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co., 733 F.3d 761, 771 (7th Cir. 2013). Mr. Bonner must show that: (1) he has suffered an injury in fact that is concrete and particularized and actual or imminent, not conjectural or

2

hypothetical; (2) there is a causal connection between the injury and the conduct complained of; and (3) the injury can be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. at 560-561. "Standing cannot be inferred argumentatively from averments in the pleadings." FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 232 (1990). But "the Fair Credit Reporting Act provide[s] for modest damages without proof of injury". Murray v. GMAC Mortgage Corp., 434 F.3d 948, 953 (7th Cir. 2006).

Mr. Bonner says General Information Services failed to maintain procedures as required by the Fair Credit Reporting Act and improperly disclosed documents to ICSB, and that ICSB then used these improperly disclosed documents to terminate his employment. Mr. Bonner's termination is an actual and concrete injury that is linked to the alleged improper disclosure of information, and, if proven, could be redressed by the court. Accordingly, Mr. Bonner has sufficiently plead facts to establish this court has standing to hear the matter.

B. *Motions to Dismiss under Fed. R. Civ. P. 12(b)(6)*

When considering a Rule 12(b)(6) motion to dismiss, a court construes the complaint in the light most favorable to the nonmoving party, accepts all well-pleaded facts as true, and draws all inferences in the nonmoving party's favor. Reynolds v. CB Sports Bar, Inc., 623 F.3d 1143, 1146 (7th Cir. 2010). But Fed. R. Civ. P. 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell

3

Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. at 570); *see also* Morrison v. YTB Int'l, Inc., 649 F.3d 533, 538 (7th Cir. 2011); Brooks v. Ross, 578 F.3d 574, 581 (7th Cir. 2009). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. at 556). *See also* Swanson v. Citibank, N.A., 614 F.3d 400, 404 (7th Cir. 2010)("the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."). "Threadbare recital of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678.

Mr. Bonner alleges that General Information Services violated the Fair Credit Reporting Act by failing to maintain adequate procedures and providing a consumer report to ICSB without a permissible purpose. General Information Services disagrees, contending that the complaint doesn't state a viable claim for relief.

The Fair Credit Reporting Act mandates that reasonable procedures are followed to avoid reporting incorrect information and "to limit the furnishing of consumer reports to the purposes listed under section 1681b," 15 U.S.C. § 1681e, *i.e.*, employment purposes. 15 U.S.C. § 1681b(3)(B). If a consumer reporting

4

agency furnishes a consumer report for employment purposes, it must obtain certification from the user that the user performed certain tasks before releasing the report. 15 U.S.C. §1681(b). "The reasonableness of a reporting agency's procedures is normally a question for trial unless the reasonableness or unreasonableness of the procedures is beyond question." Sarver v. Experian Info. Solutions, 390 F.3d 969, 971 (7th Cir. 2004).

Mr. Bonner alleges that General Information Services failed to maintain adequate procedures as required by law: "For example, it has failed to require that prospective users identify themselves, certify the purposes for which the information is sought, and certify that the information will be used for no other purpose." He supports these allegations with facts that, taken as true, would show he wasn't provided a disclosure for signature to obtain a background check, but General Information Services nevertheless provided the information to ICSB. The allegations of the complaint, if true, are sufficient to plead a plausible claim against General Information Services under § 607 of the Fair Credit Reporting Act.

Mr. Bonner also alleges that General Information Services negligently released a report without knowing of the proper purpose behind the report. But it's undisputed that General Information Services provided the report for employment purposes – a permissible purpose under 15 U.S.C. § 1681b(3)(B), so Mr. Bonner hasn't stated a plausible claim under §604 of the Fair Credit Reporting Act.

Mr. Bonner also asserts claims against ICSB and Mr. Washington under the Fair Credit Reporting Act, but the Act "imposes civil liability only for the dissemination of consumer creditor reports by consumer reporting agencies," Frederick v. Marquette Nat. Bank, 911 F.2d 1, 2 (7th Cir. 1990), and the defendants are not a credit reporting agency. The claims against ICSB and Mr. Washington under the Fair Credit Reporting Act must be dismissed.

Mr. Bonner alleges that all of the defendants also violated the Federal Trade Commission Act, but a "[t]hreadbare recital of the elements of a cause of action, supported by mere conclusory statements," does not state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. at 678. Mr. Bonner has offered nothing more.

C. *Plaintiff's Motion for Summary Judgment*

"[T]he plain language of Fed. R. Civ. P 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex v. Catrett, 477 U.S. 317, 322-23 (1986). The party with the burden of proof on an issue must show that there is enough evidence to support a jury verdict in its favor. Lawrence v. Kenosha Cty., 391 F.3d 837, 842 (7th Cir. 2004); *see also* Johnson v. Cambridge Indus., Inc., 325 F.3d 892, 901 (7th Cir. 2003) ("As we have said before, summary judgment 'is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would

6

convince a trier of fact to accept its version of events.'" (*quoting* Schacht v. Wisconsin Dep't of Corr., 175 F.3d 497, 504 (7th Cir. 1999)).

Mr. Bonner's summary judgment motion was filed prematurely, isn't supported by any evidence, and is based on the mistaken belief that the burden of proof on summary judgment lies with the defendants. Accordingly, the court court denies the motion; Mr. Bonner may file a new motion later.

III. CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part General Information Services's motion to dismiss [Doc. No. 14]; GRANTS Illinois Central School Bus's and Mr. Washington's motion to dismiss [Doc. No. 27]; and DENIES Mr. Bonner's motion for summary judgment [Doc. No. 25].

SO ORDERED.

ENTERED:   September 30, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court