UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VERNON BONNER,<br>    Plaintiff,<br><br>v.<br><br>GENERAL INFORMATION SERVICES,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:14-CV-318-RLM-PRC<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Quash Subpoena Issued to Illinois Central School Bus [DE 64], filed by nonparty Illinois Central School Bus (ICSB) on April 13, 2016. Plaintiff Vernon Bonner, pro se, filed a response on April 18, 2016. ICSB filed a reply on May 4, 2016.

ICSB asks the Court to quash the subpoena served on it by Bonner. ICSB argues that the subpoena subjects an undue burden on ICSB and that the documents requested are irrelevant to this cause of action. Bonner argues ICSB's motion should be denied because it was not timely filed.

Bonner correctly identifies that ICSB's Motion was filed after the time for compliance with the subpoena. The Court also notes that ICSB filed its reply brief one week after the deadline set by Northern District of Indiana Local Rule 7-1(d)(2)(B). The Court strongly prefers motions and briefs to be timely filed. However, in the interest of justice, the Court will consider the Motion on the merits.

The scope of discovery under Federal Rule of Civil Procedure 45 is the same as that set out in Rule 26. *Valley Forge Ins. Co. v Hartford Iron & Metal, Inc.*, No. 1:15-mc-103, 2016 WL 1627599, at *2 (S.D. Ind. Apr. 19, 2016) (citing *Jackson v. Brinker*, 147 F.R.D. 189, 193-94 (S.D. Ind. 1993)). Rule 26 provides that "[p]arties may obtain discovery regarding any nonprivileged

matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Federal Rule of Civil Procedure 45 directs a court to quash or modify a subpoena duces tecum if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). Further, a court must limit discovery if it is "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or if the proposed discovery is outside the scope of discovery. Fed. R. Civ. P. 26(b)(2)(C).

ICSB argues that the subpoena should be quashed because the documents requested are irrelevant to this proceeding. The underlying dispute in this litigation is Bonner's claim that Defendant General Information Services (GIS) violated the Fair Credit Reporting Act by failing to maintain adequate procedures in furnishing Bonner's criminal background report to ICSB. ICSB's purpose in obtaining this report was for employment purposes.

Bonner seeks the following documents from ICSB:

1. Any documents, including tape recordings, concerning any communications between ICSB or someone acting on ICSB's behalf, concerning Bonner;

2. Any documents, including tape recordings, concerning any communications between ICSB, or someone on ICSB's behalf, concerning GIS;

3. Any documents evidencing any communications (whether written or oral) between ICSB and any person or entity that is not a party to this lawsuit which in any way pertain to any of the allegations set forth in Bonner's subpoena;

4. Any documents in the possession of ICSB which refer or in any way relate to GIS or its business, practices, or policies;

5. Copies of any written reports prepared and signed by any witness disclosed by ICSB pursuant to Rule 45 including any written statements or notes;

6. Any documents relating to communications between ICSB, Bonner, or GIS; and

7. Any documents referred to or identified in ICSB's possession related to Bonner or GIS.

2

Item number five, referring to ICSB's disclosed witnesses, is inapplicable because ICSB has not disclosed any witnesses. The other six categories of document requests are broad and overlapping. In general, they seek all information ICSB has concerning Bonner or GIS. ICSB calls Bonner's subpoena a "fishing expedition" and asserts that it should not have to turn over anything. Bonner's response to the motion to quash only presents the timeliness objection to the motion, which was addressed above.

Bonner's employment relationship with ICSB and ICSB's procurement of a criminal background check on Bonner from GIS gave rise to the actions in dispute in this litigation. Though the Court agrees with ICSB that Bonner's requests are overly broad, the Court does not find the requests to be wholly irrelevant. The Court finds that the following documents are relevant:

1. ICSB's employee file on Bonner;

2. All communications between ICSB and GIS made specifically in regard to ICSB's request for a background check on Bonner from the time Bonner applied for employment with ICSB to the time GIS provided the background check; and

3. All documents outlining general policies and procedures to follow when requesting a background check from GIS that
   a. Were in force from the time Bonner applied for employment with ICSB to the time GIS provided the background check, and
   b. Were
      i. Given to ICSB by GIS,
      ii. Developed jointly by ICSB and GIS, or
      iii. Approved by GIS.

ICSB also argues that the requests are unduly burdensome because the information could be obtained from GIS, a party to the lawsuit. The ability to obtain documents from a party to litigation is good reason to prohibit a nonparty subpoena for those documents. *Indiana Materials Processing, LLC v. Tire Waste Transp., LLC*, No. 1:15-mc-8, 2015 WL 1647461, at *5 (N.D. Ind. Apr. 14, 2015). This argument is well-taken as to communications between ICSB and GIS and as

to documents outlining general policies and procedures. Bonner has made no argument that he is unable to obtain these documents via discovery requests served on GIS.

Based on the foregoing, the Court hereby **GRANTS with relief different than requested** the Motion to Quash Subpoena Issued to Illinois Central School Bus [DE 64]. The subpoena is **MODIFIED** to only command production of ICSB's employee file on Bonner.

If Bonner seeks the other relevant documents identified in this Order from GIS and if GIS indicates that it does not have those documents, then Bonner may renew his subpoena on ICSB as to those relevant documents.

The Court **EXTENDS** the deadline for Illinois Central School Bus to comply with the modified subpoena to **June 24, 2016**.

So ORDERED this 24th day of May, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Vernon Bonner, pro se