UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| VERNON BONNER, | ) | |
| *Plaintiff* | ) ) ) | |
| v. | ) ) | CIVIL NO. 2:14-CV-318 RLM |
| GENERAL INFORMATION SERVICES, | ) ) ) ) | |
| *Defendant* | ) | |

OPINION AND ORDER

Vernon Bonner, a former bus driver for Illinois Central School Bus LLC (ICSB), was terminated after a criminal background check showed that he hadn't disclosed prior felony convictions on his employment application. Mr. Bonner brought suit against General Information Services (GIS), the consumer reporting agency that conducted the criminal background check, alleging that GIS failed to maintain reasonable procedures as required by the Fair Credit Reporting Act, 15 U.S.C. §1681e, and improperly disclosed documents to Illinois Central School Bus.[1] The defendant's motion for summary judgment on that claim currently pends before the court. For the following reasons, the court grants the is granted.

---

[1] The complaint also asserted claims against Illinois Central School Bus and Jamal Washington, Mr. Bonner's former supervisor. Those claims were dismissed on September 30, 2015. [Doc. No. 41].

Summary judgment is appropriate when the record demonstrates that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Protective Life Ins. Co. v. Hansen, 632 F.3d 388, 392 (7th Cir. 2011). The court construes the evidence, and all inferences that reasonably can be drawn from the evidence, in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the burden of informing the court of the basis for its motion and identifying the parts of the record that demonstrate the absence of any genuine issue of material fact. Celotex Corp. V. Catrett, 477 U.S. at 323. It can meet that burden by showing that there's no evidence to support the non-moving party's case. *Id.* at 325. Once the moving party has met its burden, the opposing party can't rest upon the allegations in the pleadings, but must "point to evidence that can be put in an admissible form at trial, and that, if believed by the fact-finder, could support judgment in his favor." Marr v. Bank of America, N.A., 662 F.3d 963, 966 (7th Cir. 2011); *see also* Hastings Mut. Ins. Co. v. LaFollette, No. 1:07-cv-1085, 2009 WL 348769, at *2 (S.D. Ind. Feb. 6, 2009)("It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies."); Hammel v. Eau Galle Cheese Factory, 407 F.3d 852, 859 (7th Cir. 2005)(quoting Hammel v. Eau Galle Cheese Factory, No. 02-C-0405-C, 2003 WL 21665133, at *7 (W.D. Wis. June 26, 2003) ("Summary judgment is not a dress rehearsal or practice run; it 'is the 'put up

or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events'").

The Fair Credit Reporting Act requires reporting agencies to "maintain reasonable procedures designed…to limit the furnishing of consumer reports to the purposes listed under section 1681b." 15 U.S.C. § 1681e.

> The actionable harm the [Fair Credit Reporting Act] envisions is improper disclosure, not the mere risk of improper disclosure that arises when "reasonable procedures" are not followed and disclosures are made. Washington v. CSC Credit Services, Inc., 199 F.3d 263, 266 (5th Cir. 2000). Accordingly, a plaintiff bringing a claim that a reporting agency violated the "reasonable procedures" requirement of 1681e must first show that the reporting agency released the report in violation of 1681b.

Washington v. CSC Credit Services, Inc., 199 F.3d 263, 267 (5th Cir. 2000). Mr. Bonner hasn't met that burden.

It's undisputed that GIS provided the consumer report to Illinois Central School Bus for employment purposes – a permissible purpose under 15 U.S.C. §1681b(3)(B). *See* [Doc. No. 41]. When the report was disclosed for a permissible purpose, no further investigation into the reasonableness of the reporting agency's procedures is required. *Id.* at 266-267; *see also* Andrews v. Trans Union Corp., 7 F.Supp.2d 1056, 1067 (C.D. Cal. 1998); Middlebrooks v. Retail Credit Co., 416 F. Supp. 1013, 1016 (N.D Ga. 1976) ("[O]nce it is shown that the information was relevant and for a permissible purpose, this court need not inquire into the reasonableness of the underlying procedures adopted by the agency to assure that the information will be furnished for purposed defined as permissible under the Act.").

No reasonable trier of this case could decide for Mr. Bonner, so GIS's motion for summary judgment [Doc. No. 73] is GRANTED, and the Clerk is directed to enter final judgment in favor of the defendant.

SO ORDERED.

ENTERED: March 29, 2017

/s/ Robert L. Miller, Jr.
Judge
United States District Court